UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2024 OCT 16 P 12: 5 |
| Plaintiff, | CLERK OF COURT |
| | **24 - CR - 198** |
| v. | Case No. 24 CR ___ |
| LAKIA JACKSON, | [18 U.S.C. §§ 1028A(a)(1), 1035, 1347, 2(a) & 1957; 42 U.S.C. § 1320a-7b(b)] |
| Defendant. | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

1.      At all times material to this indictment:

        a.      Defendant LAKIA JACKSON owned and operated We Care Services ("WCS").

        b.      WCS was a Prenatal Care Coordination ("PNCC") and Childcare Coordination ("CCC") company, which billed Wisconsin Medicaid ("Medicaid") for services purportedly provided to pregnant women and mothers in Milwaukee, Wisconsin.

<u>The Wisconsin Medicaid Program</u>

        c.      Medicaid was a program jointly funded by the federal government and participating states to provide health insurance to indigent families with dependent children and to aged, blind, and disabled individuals whose income and resources are insufficient to meet the cost of medical services. 42 U.S.C.

1

§§ 1396, et seq. (the "Medicaid Act").

d. Wisconsin participates in the Medicaid program ("Wisconsin Medicaid"). In Wisconsin, the Medicaid program was established pursuant to Wisconsin Statutes Chapter 49 and its administrative regulations. The United States pays for a portion of the program.

e. To participate in the Medicaid program, a provider must enter into a written Medicaid Provider Agreement (the "Provider Agreement") with the Wisconsin Department of Health Services in which the provider certifies that every claim submitted is truthful and that the services billed have been furnished in accordance with state and federal law. The Provider Agreement also requires a certification that the provider has not offered, paid, or received anything of value in return for the referral or provision of Medicaid-covered services.

f. The Medicaid Provider Agreement detailed that the provider would be governed by the rules and regulations set forth in the ForwardHealth Online Handbook ("Handbook").

g. The PNCC and CCC benefits were governed by rules and regulations set forth in the Handbook and updates issued through the ForwardHealth Portal at www.forwardhealth.wi.gov.

### The PNCC Benefit and PNCC Handbook

h. The PNCC benefit is intended "to improve birth outcomes among women who are deemed at high risk for poor birth outcomes."

i. The benefit was created, in part, because Wisconsin has historically

2

had the highest rate of infant mortality for African Americans in the nation.

j.     PNCC services are supposed to ensure that women at high risk: (1) are identified as early as possible in their pregnancy; (2) receive individual psychosocial support and services; (3) receive early and continuous prenatal care services; (4) receive necessary health and nutrition education; (5) are referred to available community services, as appropriate; and (6) receive assistance in accessing and obtaining needed health and social services.

k.     PNCC service providers were required to bill only for services actually provided and only for the actual time spent providing covered services.

### The CCC Benefit and CCC Handbook

l.     The CCC benefit was added as an extension of the PNCC benefit. Its purpose was to "promote positive parenting, improve child health outcomes, and prevent child abuse and neglect."

m.     The benefit explicitly did not cover direct services.

n.     CCC service providers were supposed to focus on: (1) improving family functioning; (2) improving parenting skills and positive parenting outcomes; (3) increasing members' understanding of infant and child development; (4) increasing members' access to and appropriate use of the health care delivery system; (5) improving employment outcomes; (6) encouraging planned pregnancies; and (7) improving future birth outcomes.

### The Scheme

3

2.	Beginning by at least June 2020, and continuing through December 2021, in the State and Eastern District of Wisconsin and elsewhere,

**LAKIA JACKSON**

knowingly and willfully executed and attempted to execute a scheme to defraud a health care benefit program, namely Wisconsin Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of such program, in connection with the delivery of and payment for health care benefits, items, and services.

3.	JACKSON executed the scheme in the following ways:

a.	As part of the scheme, JACKSON advertised on Facebook, and in the community, for pregnant and new mothers to enroll in WCS's PNCC and CCC program. JACKSON used these advertisements to unlawfully bribe or induce women to enroll by offering free baby supplies such as diapers, wipes, and cash.

b.	As part of the scheme, JACKSON hosted "community baby showers" during which women would be given free baby items such as car seats, pack & plays, and diapers in exchange for enrolling in the program.

c.	As further part of the scheme, JACKSON directed her employees to provide supplies to the enrolled member.

d.	JACKSON incentivized her employees to inflate their billings to Wisconsin Medicaid by tying their compensation to the amount WCS billed Wisconsin Medicaid.

e.	JACKSON instructed her employees to falsify billing submissions to

4

Wisconsin Medicaid by knowingly misstating the duration, frequency, date, and nature of the services provided.

   f.  JACKSON, and other individuals she directed and controlled, submitted claims for payment to Medicaid based on false and fraudulent statements, including for services never rendered.

   g.  JACKSON, and other individuals she directed and controlled, submitted claims for payment to Medicaid for dates that preceded the date on which the client met a representative of WCS or enrolled in the program.

  4.  As part of this scheme, JACKSON submitted and caused to be submitted bills totaling over $3,700,000, which contained false and fraudulent statements, and which caused Wisconsin Medicaid to pay her over $3,000,000 to which she was not entitled.

5

## COUNTS ONE THROUGH TWELVE
(Health Care Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

5.     On or about the dates set forth below, in State and Eastern District of Wisconsin and elsewhere,

**LAKIA JACKSON,**

for the purpose of executing the scheme described above, and in connection with the delivery of and payment for health care benefits, items, and services, knowingly and willfully submitted and caused the submission of the following materially false and fraudulent claims on the dates below, which falsely represented the nature of the provider's interaction with the member indicated below, falsely represented that covered services were provided, and falsely represented the amount of time spent providing covered services, which caused payments in the following amounts:

| Count | Service Dates | Billed Date | Member | Amount Billed | Amount Paid |
|---|---|---|---|---|---|
| 1 | 6/23/20 to 6/7/21 | 6/30/21 | D.M. | $5,760 | $5,188.80 |
| 2 | 9/1/20 to 4/8/21 | 4/26/21 | D.M. | $3,744 | $3,372.72 |
| 3 | 6/13/20 | 7/3/20 | I.K. | $96 | $86.48 |
| 4 | 6/12/20 | 7/3/20 | M.F. | $96 | $86.48 |
| 5 | 3/1/21 to 6/22/21 | 6/30/21 | L.G. | $2,016 | $1,902.56 |
| 6 | 9/7/21 to 10/9/21 | 10/26/21 | Z.M. | $182.16 | $182.16 |
| 7 | 4/13/20 to 10/26/20 | 10/29/20 | T.G. | $3,360 | $3,026.80 |
| 8 | 10/25/20 to 10/22/21 | 11/1/21 | S.E. | $5,952 | $5,361.76 |
| 9 | 6/2/20 to 1/27/21 | 2/3/21 | C.B. | $2,592 | $2,334.96 |
| 10 | 4/7/20 to 1/23/21 | 2/4/21 | J.J. | $3,552 | $3,119.76 |
| 11 | 8/17/20 to 3/23/21 | 3/31/21 | K.M. | $3,168 | $2,853.84 |
| 12 | 12/7/20 to 4/25/21 | 4/26/21 | L.M. | $2,016 | $1,816.08 |

Each in violation of Title 18, United States Code, Sections 1347 and 2(a).

7

## COUNT THIRTEEN
(Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT:**

6.      On or about June 30, 2021, in the State and Eastern District of Wisconsin,

**LAKIA JACKSON**

knowingly possessed and used, without lawful authority, a means of identification of

another person, specifically the name, date of birth, and Wisconsin Medicaid ID number

of D.M., during and in relation to the felony offense of health care fraud, in violation of

18 U.S.C. § 1347, as charged in Count One of this Indictment, knowing that the means of

identification belonged to another actual person and that D.M. had not enrolled as a client

of Jackson's program and had not received any covered services between June 30, 2020,

and June 7, 2021.

In violation of Title 18, United States Code, Section 1028A(a)(1).

8

## COUNT FOURTEEN
(Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT:**

7.      On or about April 26, 2021, in the State and Eastern District of Wisconsin,

**LAKIA JACKSON**

knowingly possessed and used, without lawful authority, a means of identification of another person, specifically the name, date of birth, and Wisconsin Medicaid ID number of D.M., during and in relation to the felony offense of health care fraud, in violation of 18 U.S.C. § 1347, as charged in Count Two of this Indictment, knowing that the means of identification belonged to another actual person, and that D.M. had not enrolled as Jackson's client and had not received any covered services between September 1, 2020, and April 8, 2021.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FIFTEEN
(False Statements Relating to Health Care Matters)

**THE GRAND JURY FURTHER CHARGES THAT:**

8.       On or about July 3, 2020, in the State and Eastern District of Wisconsin,

## LAKIA JACKSON

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, specifically asserting that she spent two hours providing covered services to I.K. on June 13, 2020, when in fact I.K. did not receive any covered services that day, in connection with the delivery and payment for health care benefits, items, and services involving Wisconsin Medicaid, a health care benefit program as defined in 18 U.S.C. § 24(b).

In violation of Title 18, United States Code, Section 1035(a)(2).

## COUNT SIXTEEN
### (False Statements Relating to Health Care Matters)

**THE GRAND JURY FURTHER CHARGES THAT:**

9.      On or about April 28, 2021, in the State and Eastern District of Wisconsin,

## LAKIA JACKSON

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, specifically asserting that representatives of WCS spent two hours providing covered services to C.B. on April 20, 2021, when in fact C.B. received no covered services that day, in connection with the delivery and payment for health care benefits, items, and services involving Wisconsin Medicaid, a health care benefit program as defined in 18 U.S.C. § 24(b).

In violation of Title 18, United States Code, Section 1035(a)(2).

## COUNT SEVENTEEN
(Offering or Paying a Healthcare Kickback)

**THE GRAND JURY FURTHER CHARGES THAT:**

10.     On or about May 28, 2021, in the State and Eastern District of Wisconsin,

### LAKIA JACKSON

knowingly and willfully offered to pay, and paid, remuneration, namely $50 in U.S. currency, to induce individuals to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part under Wisconsin Medicaid, a Federal health care program.

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

12

## COUNT EIGHTEEN
(Offering or Paying a Healthcare Kickback)

**THE GRAND JURY FURTHER CHARGES THAT:**

11.    On or about June 27, 2021, in the State and Eastern District of Wisconsin,

### LAKIA JACKSON

knowingly and willfully offered to pay, and paid, remuneration, namely $100, to induce individuals to purchase, lease, order, and arrange for the purchase, lease, and order of prenatal and childcare coordination services, an item and service, for which payment may be made in whole or in part under Wisconsin Medicaid, a Federal health care program.

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

## COUNT NINETEEN
(Engaging in Unlawful Monetary Transactions)

**THE GRAND JURY FURTHER CHARGES THAT:**

12.     Paragraphs 1-5 of the Indictment are realleged and incorporated here and the following is further alleged.

13.     On or about February 12, 2021, in the State and Eastern District of Wisconsin,

### LAKIA JACKSON

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the issuance of a check in the amount of $32,167 for the purchase of real estate, such property having been derived from a specified unlawful activity, that is, healthcare fraud committed in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Section 1957.

14

## COUNT TWENTY
(Engaging in Unlawful Monetary Transactions)

**THE GRAND JURY FURTHER CHARGES THAT:**

14.     Paragraphs 1-5 of the Indictment are realleged and incorporated here and the following is further alleged.

15.     On or about August 24, 2021, in the State and Eastern District of Wisconsin,

**LAKIA JACKSON**

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the issuance of a cashiers' check to herself in the amount of $170,000, such property having been derived from a specified unlawful activity, that is, healthcare fraud committed in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Section 1957.

# FORFEITURE NOTICE

1.      Upon conviction of any of the offenses alleged in Counts Nineteen and Twenty, the defendant, LAKIA JACKSON, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from the proceeds traceable to the offense. The property to be forfeited includes, but is not limited to:

        a.      5220 N 67th St, Milwaukee, WI 53218;

        c.      a money judgment for a sum of money equal to the amount of proceeds obtained as a result of the healthcare fraud.

2.      Upon conviction of any of the offenses alleged in Counts One through Twelve and Fifteen through Sixteen, the defendant, LAKIA JACKSON, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from the proceeds traceable to the offense. The property to be forfeited includes, but is not limited to:

        a.      a money judgment for a sum of money equal to the amount of proceeds obtained as a result of the healthcare fraud.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

16

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL:

FOREPERSON
Dated: 10 | 16 | 2024

GREGORY J. HAANSTAD
United States Attorney