_____

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                Case No. 24-CR-198

LAKIA JACKSON,

        Defendant.

_____

## UNITED STATES' SENTENCING MEMORANDUM
_____

Defendant, Lakia Jackson, is the third defendant that this Court is sentencing for a series of nearly identical fraud offenses perpetrated against Wisconsin Medicaid by individuals who ran Prenatal Care Coordination agencies in Milwaukee between 2020 and 2021. By now, this Court is extremely familiar with the serious nature of these frauds, the way in which they were carried out, and the detrimental consequences they had on the victims and the community. The presentence report presents a detailed and complete picture of Jackson's criminal conduct, including the scope of the offense and much of the evidence supporting her guilt.

Because of the Court's familiarity with these offenses, and the thoroughness of the PSR, the Government will not take more of the Court's time by reciting the facts here. Suffice it to say that Jackson perpetrated her offense in ways similar to those utilized by

the other two defendants this Court has recently sentenced -- Precious Cruse and Markita Barnes. And Jackson's fraudulent billing was in line with the amounts billed by Barnes.

Despite the similarities in their crimes and their somewhat similar backgrounds, however, there is a salient difference between Jackson and Barnes/Cruse that informs the Government's below-Guidelines recommendation of 60 months' incarceration here. That difference is Jackson's unambiguous and unqualified acceptance of responsibility.

As an initial matter, Jackson's decision to plead guilty has avoided the need for prolonged litigation and a jury trial. Of course, that saved the government the tremendous resources that it would take to try this massive healthcare fraud case a third time. It is true that the Sentencing Guidelines account for resource-savings in the offense-level reduction, but those reductions do not necessarily account for differences in resources depending on case type. As this Court saw in both the Barnes and Cruse trials, a case of this magnitude required significantly more Government resources than many other cases brought in this Court. Moreover, additional expenditure of those resources a third time would detract from the Government's ability to pursue other worthy cases.

In this case, however, Jackson's decision to forgo a trial is more meaningful than is typical for a different reason that has nothing to do with Government resources. That is because, by pleading guilty, Jackson has spared a significant number of innocent victims and other civilians the extensive difficulties caused by being a witness in a federal case.

2

As this Court undoubtedly witnessed in the trials of Cruse and Barnes, testifying was a traumatizing experience for the victims who came to court. Nearly every woman who was a victim of these schemes is a young single mother desperately trying to survive day-to-day life. For many witnesses, appearing for trial preparation or testimony is merely an inconvenience. For these women, it can feel like an insurmountable obstacle given their lack of adequate childcare or ability to take time off work. For these victims, even a few hours away from their jobs or their children can cause significant financial and emotional distress. And that says nothing about the psychological difficulty they face testifying in front of a jury, a courtroom full of family members of someone they know, and the inevitable accusations of falsity and bias they would endure. The analysis is similar for the former employees of these companies who often have identical logistical obstacles coupled with the additional difficulty of having been close friends and/or family members of the defendant.

Saving these civilian witnesses the trauma of having to testify in federal court is significant. And, in a case like this one, the Government would have to call many such witnesses to prove its case, so the beneficial impact of Jackson's decision goes beyond one or two individuals. That Jackson's decision to forgo a trial had this positive impact on her victims and former employees informed the Government's agreement to recommend a below-Guidelines sentence here.

Also informing the Government's recommended sentence is the fact that Jackson,

3

unlike Barnes and Cruse, did not commit perjury to try to avoid the consequences of her actions. Instead, she showed true contrition and exhibited full-throated acceptance of responsibility even before knowing the ultimate sentences that this Court would issue to her similarly situated compatriots. Jackson's contrition and apology matters. And it evidences a renewed respect for the rule of law, which diminishes the need for a longer sentence to ensure specific deterrence.

For those reasons, the Government's recommended sentence here differs from its recommendation in the other similar cases the Court has recently heard. Of course, that is not to say that Jackson's criminal conduct was substantially different than that of Barnes and Cruse. Indeed, if it weren't for the impact of Jackson's acceptance of responsibility, the Government would have been asking for a very different sentence here.

Jackson's crime was undoubtedly serious. She submitted over 40,000 false claims to Medicaid and caused a loss of over $2.6 million. (PSR ¶¶ 6; 16). She started the business with the primary purpose of stealing money from the Government and billed at the maximum allowable while providing nothing or close to it. (PSR ¶¶ 15, 17-18). She billed for impossibilities and used the money she stole from the government to fund a lavish lifestyle. And she engaged in the kind of criminal activity that this Court and others have held warrant substantial sentences to afford adequate deterrence. *See e.g.*, *United States v. Brown*, 880 F.3d 399, 405 (7th Cir. 2018) (quoting *United States v. Warner*, 792 F.3d 847, 860-

4

61 (7th Cir. 2015)).

Thus, a significant sentence of incarceration is warranted here even though Jackson has taken responsibility for her actions, apologized, and saved her victims the trauma of testifying against her. Considering all these facts, the Government recommends a total sentence of 60 months' incarceration.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2026.

Respectfully submitted,

BRAD D. SCHIMEL
United States Attorney

By:    *s/ Julie F. Stewart*
Julie F. Stewart
Kate M. Biebel
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1727